UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADAM BRAY,

    Plaintiff,

    v.    CAUSE NO. 3:20-CV-1056-JD-MGG

COUNTY OF LaPORTE, INDIANA, et al.,

    Defendants.

## OPINION AND ORDER

Adam Bray, a prisoner without a lawyer, filed a complaint and seeks leave to proceed in forma pauperis. However, a prisoner may not bring a civil action in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Bray has three strikes:

    1. *Bray v. Friedman & Associates Law Offices*, 3:20-cv-249 (N.D. Ind. filed March 19, 2020), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on April 6, 2020;

    2. *Bray v. State of Indiana*, 3:20-cv-255 (N.D. Ind. filed March 20, 2020), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on April 6, 2020;

      3. *Bray v. State of Indiana*, 3:20-cv-855 (N.D. Ind. filed October 9, 2020), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on October 16, 2020.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Bray is suing four defendants. He acknowledges he is once again suing his State criminal court trial judge, his State prosecuting attorney, and his State deputy prosecuting attorney. *See* ECF 1 at 6; *Bray v. State of Indiana*, 3:20-cv-255, (N.D. Ind. filed March 20, 2020); and *Bray v. State of Indiana*, 3:20-cv-855 (N.D. Ind. filed October 9, 2020). He says (as he did in the prior two complaints), he knows the judge and prosecutors have immunity. So in those two cases, he also sued the State of Indiana alleging it was financially liable to him because the judge and prosecutors have immunity. In this case, he makes the same claim about LaPorte County instead of the State of Indiana. However, Indiana judges and prosecutors are not county employees. *See* Indiana Code 33-38-5-6 and 33-39-6-5. Moreover, even if they were, 42 U.S.C. § 1983 does not permit respondeat superior liability, which holds an employer liable for the actions of its employees without any wrongdoing on the part of the employer. *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 378-79 (7th Cir. 2017).

This complaint does not allege imminent danger of serious physical injury, therefore Bray may not proceed in forma pauperis. This complaint does not even state a claim, therefore it will be dismissed. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Here however, it would be futile for Bray to continue to try (yet again) to sue his State trial court judge, prosecutors, and units of government based on events related to his State criminal case. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Though this case is dismissed, because Bray filed it while he was a prisoner, he must pay the filing fee using the methods of 28 U.S.C. § 1915. *See Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997).

For the foregoing reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A;

(2) ORDERS **Adam Bray, IDOC # 223933, LaPorte County  Jail # 20043594,** to pay (and the facility having custody of him to automatically remit) to the clerk 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $402.00 filing fee is paid in full;

(3) DIRECTS the clerk to create a ledger for receipt of these funds; and

(4) DIRECTS the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on January 6, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT